UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN PERSON,

                Petitioner,                Case No. 2:18-cv-13455
                                                        Hon. Nancy G. Edmunds
v.

JOHN CHRISTIANSEN,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING CERTIFICATE OF APPEALABILITY**

Adrian Person ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner pled no contest in the Eaton Circuit Court to aggravated domestic violence, MICH. COMP. LAWS § 750.81a, witness intimidation, MICH. COMP. LAWS § 750.122, and unlawful use of a motor vehicle. MICH. COMP. LAWS § 750.414. Petitioner was sentenced as a fourth-time habitual felony offender to 3 to 15 years for the witness intimidation and unlawful use of a motor vehicle convictions and 142 days for the domestic violence conviction.[1] The petition raises a single claim: Petitioner was entitled to specific enforcement of the plea agreement or to withdraw his guilty plea when the trial court found that it was no longer bound by its pre-plea sentencing evaluation due to Petitioner's post-plea misconduct. The claim is without merit. The Court will therefore deny the petition, and it will also deny a certificate of appealability.

---

[1] Petitioner was placed on parole on November 8, 2018, and he is scheduled to discharge from his sentence on November 8, 2019. See
http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=953932

## I. Background

The charges against Petitioner arose after he beat and strangled his ex-girlfriend, Kara Winston. Petitioner then took her cell phone and car. Dkt. 10-6, at 27-28. Petitioner was originally charged with assault by strangulation, unlawful driving away of an automobile, and aggravated domestic violence.

Prior to the preliminary examination Petitioner made over one-hundred phone calls to Winston. He told Winston not to cooperate with law enforcement, to tell police that she was moving out of state, and that she was at fault for the incident. Upon learning of this conduct, the prosecutor added a charge of witness of intimidation, and the court revoked Petitioner's pretrial bond for violating the no-contact provision of Petitioner's bond. The state circuit court later entered a separate protective order prohibiting Petitioner from contacting Winston.

Petitioner thereafter entered into a plea agreement with the prosecutor to plead guilty to the three offenses outlined above, and in exchange the prosecutor dismissed the assault by strangulation charge and a more serious automobile theft charge. The Michigan Court of Appeals summarized the proceedings in the trial court:

> Defendant's plea was made pursuant to an agreement under *People v. Cobbs*, 443 Mich. 276 (1993). As part of the plea process, the trial court indicated that it was inclined to sentence defendant to probation with eight to ten months in jail. Defendant entered the plea, which was accepted by the court, and defendant was remanded to the county jail.
>
> At sentencing, the prosecutor informed the court that defendant had violated an order entered at arraignment that defendant have no contact with the victim. Specifically, defendant called the victim 139 times from the Eaton County Jail, 120 of which occurred after defendant's plea. The prosecutor argued that the trial court was no longer bound by the *Cobbs* agreement because of defendant's misconduct by having contact with the victim. Defendant admitted to contact with the victim, stating that he "didn't know no better" and that he had only received a copy of the order two days

earlier. When asked if he had heard the judge at arraignment verbally tell him to have no contact with the victim, defendant responded that he was "stressed out" at the time and did not know if the judge had told him of the no-contact requirement. The trial court concluded that, because of defendant's misconduct, the court was no longer bound by the *Cobbs* agreement and sentenced defendant within guidelines as outlined above.

Defendant moved for either specific performance of the sentence agreement or to be allowed to withdraw his plea. He argued that the "Pre-trial Protective Order" expired at trial or, in this case, at the plea and was no longer in effect when he made the phone calls to the victim after his plea. The prosecutor argued that, because the order had no expiration date, it continued into effect until the trial court sentenced defendant to prison and lost jurisdiction over him. The trial court agreed with plaintiff and denied defendant's motion.

*People v. Person*, 2018 WL 1073193, at *1 (Mich. Ct. App. Feb. 27, 2018).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. His application raised two claims:

I. Due process requires specific performance and resentencing where defendant pled guilty with a *Cobbs* agreement and did not commit any misconduct that would nullify the *Cobbs*.

II. In the alternative, Mr. Person is entitled to withdraw his plea where he did not violate a condition of the plea agreement or commit misconduct and therefore he is entitled to withdraw his plea pursuant to MCR 6.310(B)(2) and where his attorney was ineffective.

The Michigan Court of Appeals granted leave to appeal, but it affirmed Petitioner's convictions in an unpublished opinion. *Id.*

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied the application for leave to appeal by standard form order. *People v. Person*, 917 N.W.2d 65 (Mich. 2018) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits

3

by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

### III. Analysis

Petitioner claims that he was entitled to either specific enforcement of the trial court's sentencing evaluation or to withdraw his guilty plea after the court determined that it would exceed the evaluation based on Petitioner's post-plea misconduct of violating the court's no-contact order. The Michigan Court of Appeals rejected the claim, finding that: (1) an order was entered preventing Petitioner from contacting the victim, (2) that order persisted after the plea hearing, (3) Petitioner was aware of the order, (4) Petitioner violated the order by making numerous post-plea contacts with the victim, and (5) Petitioner's misconduct forfeited any right he had to withdraw his plea by virtue of the court exceeding the pre-plea sentencing evaluation. *Person*, 2018 WL 1073193, at *2-3.

With respect to the specific-enforcement claim, it should be noted at the outset that there was no plea agreement between the parties as to Petitioner's sentence. The prosecutor only agreed to drop the assault by strangulation charge and the more serious

4

automobile charges in exchange for Petitioner's plea to the three remaining counts. Dkt. 10-6, at 3-5. At the plea hearing, defense counsel indicated that the predecessor trial judge indicated that if Petitioner entered in the plea agreement the court would sentence him "to between eight and ten months in the Eaton County Jail." Id. at 4. That evaluation was not a part of the agreement between the parties.

Such a sentencing evaluation performed by a trial judge in Michigan prior to a plea is referred to as a *Cobbs* evaluation. Under *Cobbs*, a defendant can plead guilty pursuant to the trial court's evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the judge intends to impose a sentence greater than contemplated at the time of the plea. See *People v. Cobbs*, 443 Mich. 276 (1993). This is distinct from a sentencing agreement entered into by the prosecutor. See *People v. Killebrew*, 416 Mich. 189 (1982). The right to withdraw a plea when a judge exceeds its pre-plea sentencing evaluation is not unqualified. Such right is forfeited when a defendant commits misconduct after the plea is accepted but before sentencing. See Mich. Ct. R. 6.310(C)(3).

Petitioner asserts that the court's failure to sentence him in accordance with the pre-plea sentencing evaluation violates the rule set forth by the Supreme Court in *Santobello v. New York*, 404 U.S. 257 (1971). *Santobello* is not relevant here, however, because this case does not involve a breach of any agreement by the prosecution, but rather a claim that the trial court did not apply its sentencing evaluation, to which claim *Santobello* does not apply. See *Brown v. McKee*, 340 F. App'x. 254, 257 (6th Cir. 2009). A federal habeas petitioner's rights and remedies related to his plea under a *Cobbs* agreement arises from a state court decision and state court rule, not the Constitution.

5

See *Purifoy v. Stovall*, No. 2011 WL 768053, at *4, n. 4 (E.D. Mich. Feb. 1, 2011); *Smiles v. Curtin*, 2011 WL 2935468, at *3 (W.D. Mich. Jun. 22, 2011).

Petitioner's claims regarding the factual existence of the no-contact order, his awareness of it, and whether he violated it are all issues of fact that were resolved against him by the state courts. Petitioner does not offer clear and convincing evidence to overcome the presumption of correctness attached to these findings of fact. See 28 U.S.C. § 2254(e)(1). Accordingly, Petitioner is foreclosed in this action from contesting the finding that he committed post-plea misconduct by violating the no-contact order.

This leaves only Petitioner's argument that the trial court's reneging on its sentencing evaluation due to Petitioner's misconduct without first affording him the option of withdrawing his plea rendered his plea involuntary. The cognizable federal issue challenging the validity of a plea-based conviction on habeas review is whether Petitioner's plea was intelligent and voluntary as a matter of due process. *United States v. Broce*, 488 U.S. 563, 569 (1989). And a guilty or no contest plea is voluntary where the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645, n. 13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must also be aware of the maximum sentence that can be imposed for the crimes to which he is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a Petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state

court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

The plea colloquy indicates that Petitioner was informed and aware of the nature of the charges against him. He was also informed of and waived his constitutional trial rights. Finally, the trial court informed him of the maximum sentences that could be imposed for each crime to which he was pleading. See Dkt. 10-6, at 14 (maximum one year for aggravated domestic violence), id. at 15 (maximum fifteen years for bribing a witness as a habitual offender), and id. at 15-16 (maximum fifteen years for unlawful use of automobile as a habitual offender).

As indicated, at the time of his plea, Michigan law specifically provided for the forfeiture of the opportunity to withdraw a guilty plea after a trial court indicates its unwillingness to abide by a *Cobbs* evaluation following a defendant's post-plea misconduct. Mich. Ct. R. 6.310(C)(3) ("Except as allowed by the trial court for good cause, a defendant is not entitled to withdraw a plea under subsection (2)(a) or (2)(b) if the defendant commits misconduct after the plea is accepted but before sentencing. For purposes of this rule, misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing."). Nowhere during the plea colloquy did the trial court indicate that it was binding itself to its sentencing evaluation no matter what Petitioner did between plea and sentencing. If Petitioner was operating at the plea hearing under the impression that he could violate the no-contact order yet still bind the trial court to a sentencing evaluation made prior to the misconduct, he certainly did not say so. Petitioner's plea was

not rendered involuntary or unknowing when due to his own misconduct the trial court decided to exceed the *Cobbs* evaluation. See, e.g., *United States v. Ford*, 271 F. App'x. 532, *2 (7th Cir. 2008) (defendant not entitled to withdraw guilty plea where district judge refused to award sentence reduction for acceptance of responsibility called for in plea agreement based on defendant's post-plea misconduct). The petition will therefore be denied.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claim because it is devoid of merit. Therefore, a certificate of appealability will be denied.

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, and 2) **DENIES** a certificate of appealability.

**SO ORDERED.**

X *Nancy B. Edmunds*
Hon. Nancy G. Edmunds
United States District Judge

Dated: 6-13-19